| jPARRO, J.,
dissenting.
As the majority opinion correctly notes, LSA-R.S. 18:451 requires that a candidate possess the qualifications for the office he seeks at the time he qualifies for that office, “except as otherwise provided by law.” Such an exception is provided by LSA-R.S. 13:2487.2, which states that a judge for the City Court of Slidell must be licensed to practice law in the State of Louisiana for at least five years “previous to his election.” Thus, the precise question before the court is whether the “election” date as of which the candidates in this case must possess the qualifications for the office is the date of the primary election on September 18, 2004, or the general election on November 2, 2004. Louisiana Revised Statute 18:451 does not answer this question, as it refers to both elections when it states that a person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in “the election.”
However, I believe the answer to this question can be found in another provision of the election code. According to LSA-R.S. 18:492(A), an action objecting to the candidacy of a person must be based on certain stated grounds, one of which is set out in subparagraph (3) and states that the defendant “does not meet the qualifications for Lthe office he seeks in the primary election.” (Emphasis added.) In fact, subparagraphs (1) and (2) of that statute also indicate that the election upon which a challenge to candidacy must be based is the primary election, either because the candidate did not qualify “for the primary election” in the manner prescribed by law or within the time prescribed by law. Given this clear and unambiguous statement, which has not been interpreted in any jurisprudence,[1] I would find the plaintiff carried his burden of proof that neither of the challenged candidates meets the qualifications for the office he seeks “in the primary election,” as neither will have been licensed to practice law in the State of Louisiana for at least five years “previous to his election,” as that *1234 term is defined in the statute governing objections to candidacy.
For that reason, I respectfully dissent.

. The majority opinion relies primarily on the Cook case for the conclusion that the “election” means the general election. However, the Cook case involved a candidate for district court judge, which is a court established by the Louisiana Constitution, and the case therefore interpreted constitutional provisions, some of which were applicable only to district court judges. In contrast, our case involves the City Court of Slidell, which was established by statute. Therefore, the principles of law applied by the court in Cook differ from those in this case.